DONALD A. LOGAN

VERSUS

TIM HOOPER, WARDEN, LOUISIANA
STATE PENITENTIARY

NO. 24-KH-463

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

October 10, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** DONALD A. LOGAN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 03-4506

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**WRIT DENIED**

In 2006 relator, Donald A. Logan, was convicted by a non-unanimous jury of second-degree murder. The trial court sentenced relator to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. This Court upheld his conviction and sentence on appeal. *State v. Logan*, 07-739 (La. App. 5 Cir. 5/27/08), 986 So.2d 772, *writ denied*, 08-1525 (La. 3/13/09), 5 So.3d 117, *cert. denied*, 558 U.S. 856, 130 S.Ct. 142, 175 L.Ed.2d 93 (2009).

On July 16, 2024, relator filed a Motion to Set Aside Sentence. However, relator's motion constitutes an application for post-conviction relief (APCR), as set out in La. C.Cr.P. art. 924.[1] Under La. C.Cr.P. art. 930.4, relator's application is repetitive, as it raises the same issues addressed in a previous APCR. *See Logan v. Vannoy*, 21-282 (La. App. 5 Cir. 6/21/21) (unpublished writ disposition). Moreover, under La. C.Cr.P. art. 930.8(A), relator's application is untimely, as "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final[,]" and none of the exceptions enumerated in Article 930.8(A) apply here.

Even if relator's APCR were not repetitive and untimely, his argument is without merit. Relator contends that his sentence was imposed after a verdict that was obtained from an improper number of jurors.

---

[1] La. C.Cr.P. art. 924 provides that an application for post-conviction relief "means a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside."

24-KH-463

In *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), the United States Supreme Court held that a defendant who is tried for a serious crime has a right to a unanimous jury verdict. *Ramos*, which abrogated *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), explicitly applies only to cases pending on direct appeal and to future cases. 140 S.Ct. at 1407. The Supreme Court further held in *Edwards v. Vannoy*, 593 U.S. 255, 141 S.Ct. 1547, 1554 (2021), that the jury-unanimity rule in *Ramos* does not apply retroactively on federal collateral review. The *Edwards* Court notes, however, that states remained free to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings if they chose to do so. 141 S.Ct. at 1559, n.6 (citing *Danforth v. Minnesota*, 552 U.S. 264, 282, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008)).

In 2022, the Louisiana Supreme Court closed the door left open by *Edwards* when it held that *Ramos* does not apply retroactively in Louisiana on collateral review:

> [W]e find that, though the Sixth Amendment violation at issue is a serious one, finality and reliance interests, combined with the burden placed upon the administration of justice, informed by the actions of the citizens of this state and the legislature, outweigh retroactive application of the *Ramos* rule. Therefore, the new rule of criminal procedure announced in *Ramos* which provides for unanimity in jury verdicts is not retroactive in Louisiana.

*State v. Reddick*, 21-1893 (La. 10/21/22), 351 So.3d 273, 283.

Relator was convicted in 2006. At the time of his conviction, a non-unanimous jury verdict was not unconstitutional under *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and his conviction became final long before *Ramos*. *Reddick* states that *Ramos* is not retroactive in state post-conviction proceedings. The trial court did not err in denying relator's motion to set aside sentence. Accordingly, relator's writ application is denied.

Gretna, Louisiana, this 10th day of October, 2024.

**SMC**
**MEJ**
**SJW**

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/10/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-463**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Donald A. Logan #350072 (Relator)
Louisiana State Penitentiary
Angola, LA 70712